FILED'09 JUL 06 15:18USDC-ORE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRONTIER RECOVERY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.09-6017-TC |
| | ) | |
| v. | ) | ORDER AND |
| | ) | FINDINGS AND |
| LANE COUNTY, | ) | RECOMMENDATION |
| | ) | |
| Defendant, | ) | |
| | ) | |
| LANE COUNTY | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREG DEMERS and unknown | ) | |
| individuals or entitites, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

COFFIN, Magistrate Judge.

Before the court is third party plaintiff Lane County's motion to compel and third party defendant Greg Demers's Rule 12(c) motion for judgment on the pleadings. For the reasons that follow, I recommend that the motion for judgment on the pleadings be denied, and I order that the motion to compel be granted. However, I issue a protective order barring discovery relating to third party defendant Demers pending adoption of my recommendation to deny the motion for judgment on the pleadings.

1    Order and Findings and Recommendation

## Background

This action stems from alleged contamination on the site of a landfill formerly owned and operated by Lane County.  Plaintiff Frontier alleges that Lane County conveyed the former landfill site to Lane Plywood without complying with the Oregon Department of Environmental Quality's landfill closure requirements. Frontier is Lane Plywood's successor in interest, and, when trying to develop the site, Frontier learned of the contamination. Frontier contends that Lane County is liable for costs incurred for environmental mitigation and remediation of the site.

Lane County brings a third party complaint against Greg Demers contending that Mr. Demers used Lane Plywood, Frontier Recovery, and other entities as "alter egos" to cause or exacerbate any hazardous conditions on the site that are the subject of the instant proceedings.  Lane County argues that any award entered against these entities should also be applied against Mr. Demers individually.  (Doc. 6, ¶¶ 50-52.)

## Legal Standard

### 1.  Rule 12(c) Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial."  Fed. R. Civ. P.  12(c).  To succeed on a motion for judgment on the pleadings, the moving party must clearly establish on the face of the pleadings that no material fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios,

2   Order and Findings and Recommendation

Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990)(citations omitted).  The Court must accept the factual allegations of the nonmovant as true.  Id. (citations omitted). When Rule 12(c) is used to raise the defense of failure to state a claim up on which relief can be granted, a court may grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  In considering a 12(c) motion, the court can consider only the pleadings; considering evidence outside the pleadings converts the motion to a motion for summary judgment.  Hal Roach Studios, 896 F.2d at 1550 (citations omitted).

## 2.  Motion to Compel

Under FRCP 34, a party may request production of documents which are within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a). Once a party registers a timely objection to requested production, the initiative rests with the parting seeking production to move for an order compelling it.  Rule 37 grants judicial authority to compel disclosure of documents where a party has failed to provide discovery authorized by Rule 26.  Fed. R. Civ. P. 37.  A party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement of Rule 26 (b)(1).  In turn, the party opposing discovery has the burden of showing that discovery should not be allowed and also bears the burden of clarifying, explaining, and supporting its objections.  Direct TV,

3   Order and Findings and Recommendation

Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

## Analysis

### 1.  Motion for Judgment on the Pleadings

Third party defendant Demers argues that he is entitled to
judgment on the pleadings because the third party complaint fails
to allege that Lane County "will be unable to collect from Frontier
because of improper conduct by Mr. Demers with respect to
Frontier." (Doc. 13, p. 2.) According to Mr. Demers, an essential
element of an alter ego liability claim is an assertion that a
plaintiff's inability to collect from the corporate entity resulted
from improper conduct on the part of a shareholder (or as the case
here, a limited liability corporation member). Mr. Demer's bases
this assertion on his reading of Amfac Foods, Inc. v. Int'l Sys.
and Controls Corp., 294 Or. 94, 106-109 (1982).

In response, Lane County points out that courts have imposed
individual liability based on an alter ego theory in CERCLA[1]
actions brought against shareholders to recover the costs for
cleanup of hazardous waste sites. The County asserts that Mr.
Demers is really contending that the third party complaint does not
"adequately outline the proof that may support his individual
liability either personally or under the alter ego or veil piercing
theory."  (Doc. 14, p. 3.) The County argues that this contention
fails because notice pleading does not require anything more than a

---

[1]Comprehensive Environmental Response, Compensation, and
Liability Act of 1980.

4  Findings and Recommendation

short and plain statement showing that the pleader is entitled to relief.

After a careful reading of Amfac and other Oregon appellate court decisions regarding liability under the alter ego theory,[2] I find that Mr. Demers's reading of Amfac is too narrow and that he has not established that he is entitled to judgment as a matter of law.  Generally, a corporation is a distinct entity; however "under some circumstances corporate shareholders who control and dominate a corporation may be held personally liable if the corporation is a mere 'instrumentality or 'alter ego' and where fraud or injustice have resulted."  Amfac, 294 Or. at 105.  Under Oregon law, a plaintiff must plead (and prove) three things to impose liability on a shareholder under the alter-ego theory: (1) the shareholder must have actually controlled or shared in the actual control of the corporation; (2) the shareholder must have engaged in improper conduct in the exercise of control over the corporation; and (3) the shareholder's improper conduct must have caused the plaintiff's inability to obtain an adequate remedy from the corporation.  Salem

_____

[2]"We recognize that in Amfac, the plaintiff was a contract creditor and the court specifically declined to decide whether the test it articulated would be applicable as well to tort claimants.  294 Or. at 107 n. 15.  We also decline to decide that question at this time but choose instead to apply the test articulated in Amfac.  We do so for two reasons.  First, the question has been neither litigated nor briefed.  Second, although it is as yet undetermined  whether a separate test will ultimately be set forth for tort claimants who seek to 'pierce,' there is no doubt that, if so, it will be less onerous than the test for contract claimants."  See Rice v. Oriental Fireworks Co., 75 Or. App. 627 (Or. App. 1985)(internal citations omitted).

5  Findings and Recommendation

<u>Tent & Awning Co. v. Schmidt</u>, 79 Or. App. 475, 903 (Or. App.

1986)(citing <u>Amfac</u>, 294 Or. at 106-12).

Here, paragraphs 50-52 of the third party complaint allege

that:

> Defendant Demers utilized Lane Plywood,
> Frontier Recovery, LLC or other entities
> controlled by him to cause or exacerbate any
> hazardous conditions on the Site that is the
> subject of these proceedings.
>
> Defendant Demers utilized one or more of
> these entities as his alter ego.
>
> Any judgement or award entered by this
> court against any of these entities should also
> be applied to defendant Demers, individually.

I find that these pleadings, although not a model of

specificity, are nonetheless sufficient to put Mr. Demers on notice

of the County's piercing theory. Under Oregon law, "corporate

shareholders who control and dominate a corporation may be

personally liable if the corporation is a mere 'instrumentality' or

'alter ego' and where fraud and injustice has resulted." <u>Amfac</u>,

294 Or. at 105. I recognize that <u>Amfac</u> noted that to hold the

defendant individually liable, the plaintiff in that case would

have to show that the "plaintiff's inability to collect from the

corporation resulted from some form of improper conduct on the part

of the shareholder..." <u>Id.</u> at 106-09. However, I also note that

<u>Amfac</u> was breach of contract case involving an attempt to collect a

corporate debt and the "adequate remedy" was repayment of the debt.

<u>Salem Tent</u>, 79 Or. at 903 (stating that third element of alter ego

claim is that shareholder's improper conduct caused plaintiff's inability to obtain adequate remedy from the corporation). Improper financial activity by a shareholder is a factor to be considered, but is not an element which must always be pled in a corporate veil piercing case.  In other words, depending on the type of claim against an corporation, an adequate remedy is not always an ability to collect from a corporation.  See e.g. State ex rel. Neidig v. Superior Nat. Ins. Co., 343 Or. 434, 455 (2007)(discussing the Amfac test and noting that "the equitable nature of piercing the corporate veil makes it difficult to summarize the legal test in a way that is both accurate and useful."

Unlike later evidentiary states of this suit, in which Lane County would be required to prove the elements of alter ego liability, a pleading need only provide "the bare outlines of [a] claim" within the federal notice pleading framework under Federal Rule of Civil Procedure 8(a). Bautista v. Los Angeles County, 216 F.3d 837, 843 (9th Cir.2000).  In short, I cannot find that no material fact remains to be resolved and that Mr. Demers is entitled to judgment as a matter of law. Hal Roach Studios, 896 F.2d at 1550.  I recommend that the court deny Mr. Demer's motion for judgment on the pleadings.

## 2.  Motion to Compel

Lane County seeks an order compelling Mr. Demers to substantively respond to its request for production.  Mr. Demer's

7  Findings and Recommendation

objected to the request for production on the grounds that responding would be unduly burdensome and oppressive because Lane County's claim against him was legally insufficient. Lane County asserts that it seeks discovery relating allegation that Mr. Demers used entities controlled by him to cause or exacerbate hazardous conditions on the former landfill site. I find that the information sought by Lane County is reasonably relevant to Lane County's alter ego claim against Mr. Demers. Accordingly, I order Mr. Demers to substantively respond to Lane County's requests for production.

However, in light of the pending findings and recommendations which recommend denying Mr. Demer's motion for judgment on the pleadings, I issue a protective order staying discovery related to the Lane County's third party claim against Mr. Demers until after the District Judge has ruled on my findings and recommendations.

### Conclusion

### Findings and Recommendation

The above Findings and Recommendation which recommend that third party defendant Demer's motion for judgment on the pleadings be denied will be referred to a United States District Judge for review. Objections, if any, are due no later than July 17, 2009. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and

Recommendation will go under advisement on that date.  If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

### Order

It is ordered that third party plaintiff Lane County's motion motion to compel is granted.  However, in light of the pending findings and recommendations, I issue a protective order staying this discovery until after the United States District Judge rules on my findings and recommendations.  Should my recommendation be adopted, the protective order is lifted as of the date of the adoption.  If my recommendation is not adopted, the protective order will remain in effect and I will revisit the motion to compel in light of the United State District Judge's ruling.

DATED this ____ day of July, 2009.


_____
THOMAS M. COFFIN
United States Magistrate Judge


9   Findings and Recommendation